UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HANNAH ELLIS, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| *vs.* | ) | No. 1:20-cv-00828-JMS-TAB |
| | ) | |
| T-H PROFESSIONAL AND MEDICAL | ) | |
| COLLECTIONS, LTD., | ) | |
| | ) | |
| *Defendant.* | ) | |

## ORDER

Plaintiff Hannah Ellis brings this action against Defendant T-H Professional and Medical

Collections, Ltd. ("T-H Professional") for violations of the Fair Debt Collection Practices Act

("FDCPA").   Presently before the Court is T-H Professional's Motion to Change Venue to the

Central District of Illinois, [Filing No. 9], which Ms. Ellis opposes, [Filing No. 14].  The Motion

is now ripe for the Court's decision.

### I.
### BACKGROUND

In her Complaint and the attached documents, Ms. Ellis alleges that she incurred a debt in

the amount of $59 for medical services, which ultimately went into default and was transferred to

T-H Professional for collection.  [Filing No. 1 at 2; Filing No. 1-4 at 2.]  According to Ms. Ellis,

who resides in Indiana, T-H Professional is a debt collector and attempted to collect the debt from

her, despite not being licensed as a debt collector in the state of Indiana. [Filing No. 1 at 2.]  Ms.

Ellis alleges that she disputed the debt, but T-H Professional continued to report the debt to

1

TransUnion, a credit reporting agency, without indicating that the debt was disputed, in violation

of the FDCPA.  [Filing No. 1 at 2-5.]

Ms. Ellis filed suit on March 13, 2020, alleging that T-H Professional violated the FDCPA

by failing to report to TransUnion that the debt in question was disputed.  [Filing No. 1 at 2-5.]

T-H Professional filed a Motion to Change Venue to the Central District of Illinois where the

collection agency's office is located.  [Filing No. 9.]  Ms. Ellis opposes the Motion, arguing that

her choice of forum warrants deference because T-H Professional directed its collections to her

residence in the Southern District of Indiana.  [Filing No. 14.]  The Motion is now ripe for the

Court's decision.

## II.
### LEGAL STANDARD

The change of venue statute, 28 U.S.C. § 1404(a), permits the Court "to transfer an action

filed in a proper, though not necessarily convenient, venue to a more convenient district."

*Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010).

Section 1404(a) provides:  "For the convenience of parties and witnesses, in the interest of justice,

a district court may transfer any civil action to any other district or division where it might have

been brought or to any district or division to which all parties have consented."  28 U.S.C.

§ 1404(a).  Section 1404(a) places the decision to transfer a case within the district court's sound

discretion, based upon an "individualized, case-by-case consideration of convenience and

fairness."  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v.

Barrack*, 376 U.S. 612, 622 (1964)).  This flexible inquiry "affords district courts the opportunity

to look beyond a narrow or rigid set of considerations in their determinations."  *Research

Automation*, 626 F.3d at 978.  The movant has the burden of establishing "by reference to particular

2

circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986) (citations omitted).

## III.
### DISCUSSION

In support of its motion, T-H Professional states that its offices and records are located in Peoria, Illinois, which is within the Central District of Illinois. [Filing No. 9 at 2.] It further asserts that all of its witnesses, its counsel, and its officers who may be called to testify live in or near Peoria. [Filing No. 9 at 2.] T-H Professional also states, upon information and belief, that Ms. Ellis resides in the Southern District of Indiana, but that is "the only connection" between this case and this District. [Filing No. 9 at 2.]

Ms. Ellis responds that the convenience and fairness factors weigh against transfer. [Filing No. 14 at 1-7.] Specifically, she argues that her choice of forum is entitled to great weight and that—because T-H Professional knowingly chose to attempt to collect a debt from an Indiana resident without a license to collect debts in Indiana—it would be unfair to transfer the case to Illinois, where T-H Professional is licensed to conduct business and where Ms. Ellis's counsel is not licensed to practice law. [Filing No. 14 at 2-3.] Ms. Ellis also argues that the Southern District of Indiana is the situs of the material events related to this lawsuit, because she resides in this District and the financial harm caused by T-H Professional's actions occurred here. [Filing No. 14 at 3.] As to the relative ease of access to proof, Ms. Ellis contends that the records that will be exchanged during discovery in this case are not so voluminous that they cannot be emailed or shipped, and therefore the fact that T-H Professional's records are kept in Illinois is not significant. [Filing No. 14 at 3-4.] Ms. Ellis points out that her financial situation is so dire that she could not pay the $59 debt that gave rise to the events that are the subject of this lawsuit, she does not have the means to travel to Illinois to litigate this case, and T-H Professional is likely in a better financial

3

position to be able to travel for a potential trial. [Filing No. 14 at 4-5.] Similarly, Ms. Ellis asserts that non-party witnesses will not be necessary in this case, and T-H Professional, as a business, presumably has the financial resources to permit its officers and employees to appear in this District. [Filing No. 14 at 5.] Concerning the interest of justice factors, Ms. Ellis argues that T-H Professional's motion fails to include any details or evidence demonstrating that these factors weigh in favor of transfer. [Filing No. 14 at 5-6.] Nevertheless, Ms. Ellis asserts, the courts in both jurisdictions are familiar with the FDCPA, the speed at which the cases is likely to proceed to trial in each district may not be relevant given that the case is likely to be resolved through dispositive motions or settlement, and even if this Court believes that the transfer question is a "close call," the case should remain here in the Southern District of Indiana because shifting the inconvenience from one party to another is not a basis for transfer. [Filing No. 14 at 6.]

T-H Professional did not file a reply.

As an initial matter, the Court notes that T-H Professional did not meaningfully develop any of its arguments in support of its Motion to Change Venue. Instead, the Motion—which was filed without a supporting brief or memorandum—merely cited the applicable legal standards and contained conclusory statements that transfer was warranted based on the location of the parties. [*See* Filing No. 9.] The Court could deny the motion on this basis alone. *See Beamon v. Marshall & Ilsley Tr. Co.*, 411 F.3d 854, 862 (7th Cir. 2005) ("[U]nsupported and undeveloped arguments are waived."). Nevertheless, in the interest of completeness, the Court will address the factors relevant to the transfer analysis and explain why transfer is not warranted in this case.

### A. Plaintiff's Choice of Forum

As a general proposition, a plaintiff's choice of forum is usually entitled to deference. *In re Presto Indus., Inc.*, 347 F.3d 662, 663-64 (7th Cir. 2003). The amount of deference a particular

choice of forum warrants, however, depends on the forum's connection to relevant events. *See, e.g.*, *Dunlap v. Switchboard Apparatus, Inc.*, 2012 WL 1712554 (S.D. Ind. 2012) (citing *In re Presto*, 347 F.3d at 663-64; *Chicago, R.I. & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955) (explaining that plaintiff's choice "has minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff")); *Valbruna Stainless, Inc. v. ADT Sec. Servs., Inc.*, 2010 WL 2772324, at *2 (N.D. Ind. 2010) ("Where the chosen forum is not the situs of material events, however, or if another forum has a stronger relationship to the dispute, plaintiff's selection is entitled to less deference."); *cf. Research Automation*, 626 F.3d at 979 & n.2 (explaining that the plaintiff's choice of forum is a "factor" to be given weight according to the context and circumstances).

Here, as Ms. Ellis points out, she resides in the Southern District of Indiana and was located here when T-H Professional attempted to collect a debt from her and allegedly failed to report the disputed status of the debt to TransUnion.   T-H Professional asserts that Ms. Ellis's residence is the only connection between this District and this lawsuit, but that connection is significant, and T-H Professional fails to demonstrate how the Central District of Illinois has a stronger relationship to the dispute, other than the mere fact that T-H Professional's offices are located there.   Because this District is Ms. Ellis's home forum and because the events giving rise to this lawsuit occurred here, the Court concludes that Ms. Ellis's choice of forum is entitled to deference and weighs against transfer.   *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981) (noting that "a plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen the[ir] home forum").

### B. Convenience Factors

A district court considering a motion for transfer "must evaluate both the convenience of the parties and various public interest considerations . . . and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62-63 (2013) (citing 28 U.S.C. § 1404(a)). With respect to the convenience of the parties, courts consider various factors including the availability of and access to witnesses, each party's access to and distance from resources in each forum, the location of material events, and the relative ease of access to sources of proof. *Research Automation*, 626 F.3d at 978. In evaluating these factors, the Court is mindful that transfer is not warranted where it would merely shift the inconveniences among parties. *Coffey*, 796 F.2d at 219-20; *see also Research Automation*, 626 F.3d at 978 ("Where the balance of convenience is a close call, merely shifting inconvenience from one party to another is not a sufficient basis for transfer.").

#### 1. *Location of Material Events*

As noted above, Ms. Ellis resides in the Southern District of Indiana and was residing here when the collection efforts and alleged misreporting activities underlying this lawsuit occurred. Furthermore, because Ms. Ellis still resides in this District, it is likely that any potential negative financial effects the alleged errors had on her credit will be felt here. Accordingly, this factor weighs heavily against transfer.

#### 2. *Access to Witnesses*

The access to witnesses factor is "often deemed the most important factor in the transfer balance" and is "primarily concerned with the availability of non-party witnesses." *Wabash Valley Feed & Grain, LLC v. Hust*, 2011 WL 3902780, at *10 (S.D. Ind. 2011) (internal quotation

omitted).  Because courts are generally limited to subpoenaing witnesses for trial "within 100 miles

of where the person resides, is employed, or regularly transacts business in person," *Fed. R. Civ.*

*P. 45(c)(1)(A)*, the aim of this factor "is to minimize the risk of 'trial by deposition,'" *Aearo Co. v.*

*Bacou-Dalloz USA Safety, Inc.*, 2004 WL 1629566, at \*2 (S.D. Ind. 2004).  "Courts ordinarily can

assume that the parties will be sufficiently motivated to have their own employees or other allies

appear for trial wherever it might take place." *Id.* at \*3.

Here, T-H Professional does not argue that there will be a significant need for non-party

witnesses, and instead states that all of its witnesses, including "its officers who may testify," live

in or near Peoria, Illinois. [Filing No. 9 at 2.]  Because the Court can assume that T-H Professional

will be sufficiently motivated to have its employees appear in this District for trial if necessary,

their location is not significant to the transfer analysis.  Given Ms. Ellis's representation that no

non-party witnesses will be required in this case, [Filing No. 14 at 5], and T-H Professional's lack

of any showing to the contrary, this factor does not weigh in favor of transfer.

### 3. *Access to Sources of Proof*

"When documents are easily transferable, access to proof is a neutral factor." *First Nat.*

*Bank v. El Camino Res., Ltd.*, 447 F. Supp. 2d 902, 912 (N.D. Ill. 2006) (citation omitted).

Although T-H Professional states that its records are located in Peoria, Illinois, [Filing No. 9 at 2],

it makes no argument that these records could not be transferred to this District.  Given the relative

ease with which information and records can be shared and transferred in the modern era, the Court

concludes that this factor weighs neither for nor against transfer in this case.

### 4. *Parties' Convenience*

This factor requires the Court to determine the parties' "respective residences and abilities

to bear the expense of trial in a particular forum." *Preston v. American Honda Motor Company,*

*Inc.*, 2017 WL 5001447, at \*3 (N.D. Ill. 2017) (quoting *Von Holdt v. Husky Inj. Molding*, 887 F. Supp. 185, 188 (N.D. Ill. 1995)).  The Seventh Circuit regards convenience concerns based purely on travel as diminished in the modern age.  *See In re Hudson*, 710 F.3d 716, 719 (7th Cir. 2013) ("In our age of advanced electronic communication, including high-quality video-conferencing, changes of venue motivated by concerns with travel inconvenience should be fewer than in the past. Today documents can be scanned and transmitted by email; witnesses can be deposed, examined, and cross-examined remotely and their videotaped testimony shown at trial.").

Here, the Court agrees with Ms. Ellis that T-H Professional—a business—is likely in a better position than Ms. Ellis—an individual who could not pay a $59 debt—to bear the expenses of trial in another state.  *See Preston,* 2017 WL 5001447, at \*5 (concluding that the defendant, a corporation, was in a better position than the individual plaintiff to "bear the relative inconvenience"); *Volkswagen Aktiengesellschaft v. Dee Eng'g, Inc.*, 2003 WL 1089515, at \*3 (S.D. Ind. 2003) ("[A]lthough there is evidence that [Defendant] is not necessarily a small entity, it is clearly smaller than [Plaintiff].  Therefore, comparing the relative ability of the parties to pay for the inconvenience, the Court finds [Plaintiff] in a better position to bear the cost of litigating in the California forum.").  Accordingly, this factor weighs against transfer.

### C.  Interest of Justice Factors

"The 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system." *Research Automation*, 626 F.3d at 978.  Courts look to factors such as docket congestion and the likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy. *Id.* (citations omitted).  "The interest of justice may be determinative, warranting transfer or its

8

denial even where the convenience of the parties and witnesses points toward the opposite result."

*Id*. (citing *Coffey*, 796 F.2d at 220-21).

### 1. Docket Congestion

T-H Professional does not make any specific arguments regarding docket congestion or likely speed to trial, nor does it submit any evidence or reference any statistics concerning these issues. This Court is the second busiest District in the country, as measured by weighted filings per judgeship, while the Central District of Illinois ranks 70th on that list. United States Courts, U.S. District Courts – National Judicial Caseload Profile (September 3, 2019), https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2019.pdf. Although this Court is confident in its ability to efficiently manage its caseload, this factor weighs in favor of transfer.

### 2. Familiarity with Relevant Law

The applicable law in this case is the FDCPA, a federal statute. T-H Professional does not argue—and the Court has no reason to conclude—that this Court is less familiar with the FDCPA than the Central District of Illinois or *vice versa*. However, Ms. Ellis asserts in her Complaint, [Filing No. 1 at 2], and in her response to the Motion to Change Venue, [Filing No. 14 at 2], that T-H Professional is not licensed under Indiana law to collect debts within the state of Indiana. To the extent that either court will have to apply Indiana law to determine T-H Professional's licensure status, this Court is likely more familiar with Indiana law than a federal court located in Illinois. Thus, the Court finds this factor weighs slightly against transfer.

### 3. Interests of the Communities

T-H Professional does not develop any argument that Illinois has a significant interest in resolving this controversy or has a relationship to the case other than its own offices being located

9

there.  Certainly, Indiana has an interest in enforcing the FDCPA to protect one of its citizens from allegedly unlawful debt collection practices and ensuring that debt collectors operating within its borders comply with licensure requirements.  The Court finds that this factor weighs against transfer.

## IV.
### CONCLUSION

T-H Professional did not meet its burden of showing that litigating this matter in the Central District of Illinois would clearly be more convenient than proceeding in this District.  *See Coffey, 796 F.2d at 219-20*.  The Court has considered the relevant factors pertaining to the parties' convenience and the interest of justice and concludes that, on balance, these factors weigh against transfer.  Accordingly, for the reasons set forth above, Defendant T-H Professional's Motion to Change Venue, [9], is **DENIED**.

Date: 8/12/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**